[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: APPLICATION FOR PREJUDGMENTREMEDY
The plaintiff, R.J.D. Trucks, Inc., has applied for a prejudgment remedy of replevin in the amount of $36,735.00, seeking immediate replevin of a certain 1988 Freight Tractor truck and a certain 1987 Semitrailer, color grey, in the possession of the defendant, Everett Pierce.
Connecticut General Statutes 52-515 provides that "The action of replevin may be maintained to recover any goods or chattels in which the plaintiff has a general or special property interest with a right to immediate possession and which are wrongfully detained from him in any manner, together with the damages for such wrongful detention." Connecticut General Statutes 52-516 (b) furthermore provides that In addition, "an action of replevin, to the extent that it includes a prejudgment remedy as defined in section 52-278a, shall not be allowed unless the provisions of sections52-278a to 52-278f, inclusive, are complied with."
Connecticut General Statutes 52-278d(a) provides, in CT Page 9659 pertinent part, that:
 If the court, upon consideration of the facts before it and taking into account any defenses, counterclaims or set-offs . . . finds that the plaintiff has shown probable cause that such a judgment will be rendered . . . in the plaintiff's favor . . . the prejudgment remedy applied for shall be granted as requested or as modified by the court.
"The hearing in probable cause for the issuance of a prejudgment remedy is not contemplated to be a full scale trial on the merits of the plaintiff's claim. The plaintiff does not have to establish that he will prevail, only that there is probable cause to sustain the validity of the claim." Giordano v.Giordano, 39 Conn. App. 183, 206, 664 A.2d 1136 (1995). "The court's role in such a hearing is to determine probable success by weighing probabilities . . . [This weighing process applies to both legal and factual issues . . . It is the trial court that must determine, in light of its assessment of the legal issues and the credibility of the witnesses, whether a plaintiff has sustained the burden of showing probable cause to sustain the validity of its claim." (Citations omitted; internal quotation marks omitted.) Bank of Boston Connecticut v. Schlesinger,220 Conn. 152, 156-157, 595 A.2d 872 (1991).
While the plaintiff asserts that to the best of the plaintiff's knowledge there are no "offsets" (sic) or counterclaims to the plaintiff's claims, the defendant has testified and presented evidence as to possible setoffs, counterclaims and defenses, some of which defenses are apparently sounding in fraud and duress. Based upon the Court's assessment of the relative credibility of the witnesses and evidence presented at the hearing upon the Application for the Prejudgment Remedy, the Court finds that the plaintiff has failed to sustain its burden of establishing that there is probable cause to sustain the validity of the plaintiff's claim in the amount as claimed by the plaintiff.
Accordingly, the plaintiff's application for a prejudgment remedy of replevin is denied.
BY THE COURT
CARROLL, J. CT Page 9660